# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 04-1225V
Filed: December 13, 2013
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TERRI TURNAGE, Natural Parent of a Minor Child, M.A.T., | * | |
| | * | |
| | * | |
| Petitioner, | * | |
| | * | Damages decision based on proffer; |
| v. | * | MMR vaccine; encephalopathy |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Peter H. Meyers, Washington, DC, for petitioner.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On July 28, 2004, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34 (2012), alleging that MMR vaccine caused M.A.T.'s encephalopathy. On May 27, 2009, after a fact hearing, then-Chief Special Master Golkiewicz found the petition timely filed. See Order Resolving Statute of Limitations Issue and Order Setting Further Proceedings, May 27, 2009, ECF No. 57. On June 19, 2009, the parties filed a joint status report confirming that respondent did not contest that the MMR vaccine received in this case was the presumed cause of M.A.T.'s encephalopathy. See Joint Status Report, June 19,

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

2009, ECF No. 58; Resp't's Vaccine Rule 4(c) Report, November 19, 2004, ECF No. 5.

On December 13, 2013, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards petitioner:

a. a lump sum payment of **$1,214,987.18**, representing compensation for lost future earnings ($748,644.98), pain and suffering ($229,352.17), and life care expenses expected to be incurred during the first year after judgment ($236,990.03). The award shall be in the form of a check payable to petitioner as guardian/conservator of M.A.T., for the benefit of M.A.T.; and

b. a lump sum payment of **$30,000.00**, representing compensation for past unreimbursable expenses. The award shall be in the form of a check payable to Terri Turnage, petitioner;

c. a lump sum payment of **$187,627.48**, representing compensation for satisfaction of the State of Oklahoma Medicaid lien. The award shall be in the form of a check payable jointly to petitioner and

> State of Oklahoma
> OK Health Care Authority
> Shepherd Mall
> 2401 N.W. 23rd St., Suite 1A
> Oklahoma City, OK 73107
> Attn: Ms. Jayna Sims.

Petitioner agrees to endorse this payment to the State of Oklahoma; and

d. an amount sufficient to purchase the annuity contract(s) subject to the conditions described in section III. D. of the attached proffer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: December 13, 2013                                    /s/ Laura D. Millman
                                                            Laura D. Millman
                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

2

TERRI TURNAGE, natural parent of )
a minor child, M.A.T., )
)
Petitioner, )
)
v. )           No. 04-1225V (ECF)
)           Special Master Millman
SECRETARY OF THE DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, )
)
Respondent. )
)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I. Backgrund

Petitioner filed a Petition for vaccine injury compensation on July 28, 2004, seeking

compensation for injuries allegedly resulting from an MMR vaccination administered to M.A.T.

on July 11, 2001. In her Vaccine Rule 4(c) Report, respondent raised a jurisdictional argument

to the hearing of the claim, that is, the allegation that the first symptoms of M.A.T.'s

encephalopathy occurred on July 27, 2001, and thus the case was filed beyond the Act's statutory

filing time frame of 36 months. An evidentiary Hearing on the factual issue of injury onset was

conducted by former Chief Special Maser Gary Golkiewicz on April 27, 2007. Chief Special

Master Golkiewicz, having reviewed the entire record, found the Petition timely filed. See Order

Resolving Status of Limitations Issue and Order Setting Further Proceedings, filed May 27,

2009. The parties thereafter filed a joint status report on June 19, 2009, confirming that

Respondent did not contest that the MMR vaccine received in this case was the presumed cause

of ████'s [M.A.T.] encephalopathy. See also Respondent's Vaccine Rule 4(c) Report, filed November

-1-

19, 2004, wherein respondent agreed that but for the statute of limitations question, the case would have been conceded. The parties engaged in further proceedings to resolve the damages portion of this case. Accordingly, respondent now files this Proffer on the award of compensation.

## II. Items of Compensation

### A. Life Care Items

The respondent engaged life care planner, Laura Fox, MSN, RN, CNLCP, to provide an estimation of M.A.T.'s future vaccine-injury related needs. Ms. Fox worked jointly with petitioner's life care planner, Terry K. Arnold, RN, CDMS, CLCP, CNLCP, in preparing a life care plan. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for M.A.T., attached hereto as Tab A.[1] Respondent proffers that M.A.T. should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

### B. Lost Future Earnings

The parties agree that based upon the evidence of record, M.A.T. will not be gainfully employed in the future. Therefore, respondent proffers that M.A.T. should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for M.A.T.'s lost future earnings is $748,644.98. Petitioner agrees.

-2-

### C.   Pain and Suffering

Respondent proffers that M.A.T. should be awarded $229,352.17 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### D.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to M.A.T.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $30,000.00. Petitioner agrees.

### E.   Medicaid Lien

Respondent proffers that M.A.T. should be awarded funds to satisfy the State of Oklahoma lien in the amount of $187,627.48, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Oklahoma may have against any individual as a result of any Medicaid payments the State of Oklahoma has made to or on behalf of M.A.T. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about July 11, 2001, under Title XIX of the Social Security Act.

## III.   **Form of the Award**

The parties recommend that the compensation provided to M.A.T. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following:

---

[1]   The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-3-

A.  A lump sum payment of $1,214,987.18, representing compensation for lost future earnings ($748,644.98), pain and suffering ($229,352.17), and life care expenses for Year One ($236,990.03), in the form of a check payable to petitioner as guardian(s)/conservator(s) of M.A.T., for the benefit of M.A.T.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of M.A.T.'s estate;

B.  A lump sum payment of $30,000.00, representing compensation for past unreimbursable expenses, payable to Terri Turnage, petitioner;

C.  A lump sum payment of $187,627.48, representing compensation for satisfaction of the State of Oklahoma Medicaid lien, payable jointly to petitioner and

State of Oklahoma
OK Health Care Authority
Shepherd Mall
2401 N.W. 23rd St., Suite 1A
Oklahoma City, OK 73107
Attn: Ms. Jayna Sims

Petitioner agrees to endorse this payment to the State of Oklahoma.

D.  An amount sufficient to purchase the annuity contract(s),[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

-4-

which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner as guardian(s)/conservator(s) of the estate of M.A.T., for the benefit of M.A.T., only so long as M.A.T. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

### 1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

### 2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as M.A.T. is alive at the time that a particular payment is due. Written

---

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of M.A.T.'s death.

### 3. Guardianship

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of M.A.T.'s estate under the laws of the State of Oklahoma. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/ conservator(s) of the estate of M.A.T., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.A.T. upon submission of written documentation of such appointment to the Secretary.

## IV. Summary of Recommended Payments Following Judgment

| | | |
|---|---|---|
| A. | Lump Sum paid to petitioner as guardian(s)/conservator(s) of M.A.T.'s estate: | **$1,214,987.18** |
| B. | Lump sum paid to petitioner: | **$ 30,000.00** |
| C. | Medicaid Lien: | **$ 187,627.48** |
| D. | An amount sufficient to purchase the annuity contract described above in section II. D. | |

---

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

*/S/GLENN A. MACLEOD*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 616-4122

Dated: December 13, 2013

-7-

**Appendix A: Items of Compensation for M.A.T.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2013 | Compensation Years 2-5 2014-2017 | Compensation Year 6 2018 | Compensation Year 7 2019 | Compensation Year 8 2020 | Compensation Years 9-10 2021-2022 | Compensation Year 11 2023 | Compensation Year 12 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| BCBS OK Gold Premium | 5% | | M | 1,759.44 | 1,759.44 | 1,759.44 | 2,770.80 | 2,770.80 | 2,770.80 | 2,781.84 | 2,837.28 |
| BCBS OK Gold MOP | 5% | | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medigap F | 5% | | | | | | | | | | |
| Medigap F Deductible | 5% | | | | | | | | | | |
| Medicare Part D | 5% | | M | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | | |
| Labs | 5% | * | | | | | | | | | |
| Hospitalization | 5% | * | | | | | | | | | |
| VNS Generator | 5% | * | | | | | | | | | |
| VNS Leads | 5% | * | | | | | | | | | |
| Primary Care | 5% | * | | | | | | | | | |
| Mic-Key Button Mngt | 5% | * | | | | | | | | | |
| Mic-Key Skin Level Gtube Kit | 5% | * | | | | | | | | | |
| Opthal-mology | 5% | * | | | | | | | | | |
| Orthopedist | 5% | * | | | | | | | | | |
| Dentist | 5% | * | | | | | | | | | |
| Depakote | 5% | * | | | | | | | | | |
| Keppra | 5% | * | | | | | | | | | |
| Clonazepam | 5% | * | | | | | | | | | |
| Diastat | 5% | * | | | | | | | | | |
| Midazolam | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Adj Bed | 4% | * | | | | | | | | | |
| Mattress Protector | 4% | | | 32.99 | 32.99 | 32.99 | 32.99 | 32.99 | 32.99 | 32.99 | 32.99 |
| Shower Chair | 4% | | | 2,000.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 |
| Walker | 4% | * | | | | | | | | | |
| Enteral Feeding Pump | 4% | * | | | | | | | | | |
| Enteral Feeding Bags | 4% | * | | | | | | | | | |
| Aug Comm Device | 4% | | | 689.99 | | 689.99 | | | | 689.99 | |
| Computer Desk | 4% | | | 250.00 | | | | | | | |
| Adaptive Bike | 4% | | | 1,347.00 | | | | | | 1,347.00 | |

## Appendix A: Items of Compensation for M.A.T.

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2013 | Compensation Years 2-5 2014-2017 | Compensation Year 6 2018 | Compensation Year 7 2019 | Compensation Year 8 2020 | Compensation Years 9-10 2021-2022 | Compensation Year 11 2023 | Compensation Year 12 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Helmet | 4% | | | 26.90 | | | | | | | |
| Swing | 4% | | | 1,326.90 | | | | | | | |
| Exercise Mat | 4% | | | 45.99 | | 45.99 | | | | 45.99 | |
| Exercise Balls | 4% | | | 28.10 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 |
| Dev & Therapeutic Equip | 4% | | | 600.00 | | | | | | | |
| Swim Float Belt | 4% | | | 30.00 | | 30.00 | | | | 30.00 | |
| Daily Living Aids | 4% | | | 100.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Depends | 4% | | M | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 |
| Non-sterile Gloves | 4% | | | 190.00 | 190.00 | 190.00 | 190.00 | 190.00 | 190.00 | 190.00 | 190.00 |
| Hand Sanitizer | 4% | | | 97.80 | 97.80 | 97.80 | 97.80 | 97.80 | 97.80 | 97.80 | 97.80 |
| Skin Barrier Cream | 4% | | M | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 |
| Chux | 4% | | M | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 |
| Mattress Underpad | 4% | | | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 |
| Hand Held Shower | 4% | | | 49.53 | | 49.53 | | | | 49.53 | |
| Feeding/ Ext Tubes | 4% | * | | | | | | | | | |
| Bilateral AFOs | 4% | * | | | | | | | | | |
| Manual WC | 4% | | | | | 1,895.00 | | | | 1,895.00 | |
| WC Cushion | 4% | * | | | | | | | | | |
| WC Maint | 4% | | | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 |
| Power WC | 4% | * | | | | | | | | | |
| Repl Battery | 4% | | | | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 |
| Cushion Cover | 4% | | | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 |
| Backpack | 4% | | | | | | | 24.00 | 4.80 | 4.80 | 4.80 |
| Portable WC Ramp | 4% | | | 339.00 | | | | | | | |
| Case Mngt | 4% | | M | 2,040.00 | 2,040.00 | 2,040.00 | 2,040.00 | 1,020.00 | 1,020.00 | 1,020.00 | 1,020.00 |
| Home Mods | 0% | | | 50,000.00 | | | | | | | |
| Modified Van | 4% | | | 51,035.00 | | | | | | 40,628.00 | |
| PT Eval | 4% | * | | 170.00 | 170.00 | 170.00 | 170.00 | | | | |
| PT (Max of 25 visits/yr Applied) | 4% | * | M | 1,955.00 | 1,955.00 | 1,955.00 | 1,955.00 | | | | |
| OT Eval | 4% | * | | 170.00 | 170.00 | 170.00 | 170.00 | | | | |
| OT | 4% | * | M | 4,080.00 | 4,080.00 | 4,080.00 | 4,080.00 | | | | |
| ST Eval | 4% | * | | 170.00 | 170.00 | 170.00 | 170.00 | | | | |

**Appendix A: Items of Compensation for M.A.T.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2013 | Compensation Years 2-5 2014-2017 | Compensation Year 6 2018 | Compensation Year 7 2019 | Compensation Year 8 2020 | Compensation Years 9-10 2021-2022 | Compensation Year 11 2023 | Compensation Year 12 2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ST | 4% | * | M | 4,080.00 | 4,080.00 | 4,080.00 | 4,080.00 | | | | |
| Hippotherapy | 4% | | M | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 |
| Nursing/ Attendant Care | 4% | | M | 108,196.00 | 108,196.00 | 108,196.00 | 108,196.00 | | | | |
| Facility Care & LPN | 4% | | M | | | | | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 |
| Lost Future Earnings | | | | 748,644.98 | | | | | | | |
| Pain and Suffering | | | | 229,352.17 | | | | | | | |
| Past Unreimbursable Expenses | | | | 30,000.00 | | | | | | | |
| Medicaid Lien | | | | 187,627.48 | | | | | | | |
| Annual Totals | | | | 1,432,614.66 | 129,819.43 | 132,529.94 | 130,830.79 | 190,514.79 | 190,495.59 | 235,192.14 | 190,562.07 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/ conservators(s) of the estate of M.A.T. for the benefit of M.A.T. for lost future earnings ($748,644.98), pain and suffering ($229,352.17), and Yr 1 life care expenses ($236,990.03): $1,214,987.18.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, Terri Turnage, for past un-reimbursable expenses: $30,000.00.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Oklahoma, as reimbursement of the state's Medicaid lien: $187,627.48.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

**Appendix A: Items of Compensation for M.A.T.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 13 2025 | Compensation Years 14-15 2026-2027 | Compensation Year 16 2028 | Compensation Year 17 2029 | Compensation Year 18 2030 | Compensation Year 19 2031 | Compensation Year 20 2032 | Compensation Year 21 2033 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| BCBS OK Gold Premium | 5% | | M | 2,903.76 | 3,011.88 | 3,100.56 | 3,144.84 | 3,211.32 | 3,277.80 | 3,319.44 | 3,363.72 |
| BCBS OK Gold MOP | 5% | | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medigap F | 5% | | | | | | | | | | |
| Medigap F Deductible | 5% | | | | | | | | | | |
| Medicare Part D | 5% | | M | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | | |
| Labs | 5% | * | | | | | | | | | |
| Hospitalization | 5% | * | | | | | | | | | |
| VNS Generator | 5% | * | | | | | | | | | |
| VNS Leads | 5% | * | | | | | | | | | |
| Primary Care | 5% | * | | | | | | | | | |
| Mic-Key Button Mngt | 5% | * | | | | | | | | | |
| Mic-Key Skin Level Gtube Kit | 5% | * | | | | | | | | | |
| Opthal-mology | 5% | * | | | | | | | | | |
| Orthopedist | 5% | * | | | | | | | | | |
| Dentist | 5% | * | | | | | | | | | |
| Depakote | 5% | * | | | | | | | | | |
| Keppra | 5% | * | | | | | | | | | |
| Clonazepam | 5% | * | | | | | | | | | |
| Diastat | 5% | * | | | | | | | | | |
| Midazolam | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Adj Bed | 4% | * | | | | | | | | | |
| Mattress Protector | 4% | | | 32.99 | 32.99 | 32.99 | 32.99 | 32.99 | 32.99 | 32.99 | |
| Shower Chair | 4% | | | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 |
| Walker | 4% | * | | | | | | | | | |
| Enteral Feeding Pump | 4% | * | | | | | | | | | |
| Enteral Feeding Bags | 4% | * | | | | | | | | | |
| Aug Comm Device | 4% | | | | | 689.99 | | | | | 689.99 |
| Computer Desk | 4% | | | | | | | | | | |
| Adaptive Bike | 4% | | | | | | | | | | |

**Appendix A:  Items of Compensation for M.A.T.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 13 / 2025 | Compensation Years 14-15 / 2026-2027 | Compensation Year 16 / 2028 | Compensation Year 17 / 2029 | Compensation Year 18 / 2030 | Compensation Year 19 / 2031 | Compensation Year 20 / 2032 | Compensation Year 21 / 2033 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Helmet | 4% | | | | | | | | | | |
| Swing | 4% | | | | | | | | | | |
| Exercise Mat | 4% | | | | | 45.99 | | | | | |
| Exercise Balls | 4% | | M | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 |
| Dev & Therapeutic Equip | 4% | | | | | | | | | | |
| Swim Float Belt | 4% | | | | | 30.00 | | | | | |
| Daily Living Aids | 4% | | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Depends | 4% | | M | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 |
| Non-sterile Gloves | 4% | | | 190.00 | 190.00 | 190.00 | | | | | |
| Hand Sanitizer | 4% | | | 97.80 | 97.80 | 97.80 | | | | | |
| Skin Barrier Cream | 4% | | M | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 |
| Chux | 4% | | M | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 |
| Mattress Underpad | 4% | | | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 |
| Hand Held Shower | 4% | | | | | 49.53 | | | | | |
| Feeding/ Ext Tubes | 4% | * | | | | | | | | | |
| Bilateral AFOs | 4% | * | | | | | | | | | |
| Manual WC | 4% | | | | | 1,895.00 | | | | | 1,895.00 |
| WC Cushion | 4% | * | | | | | | | | | |
| WC Maint | 4% | | | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 |
| Power WC | 4% | * | | | | | | | | | |
| Repl Battery | 4% | | | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 |
| Cushion Cover | 4% | | | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 |
| Backpack | 4% | | | 4.80 | 4.80 | 4.80 | 4.80 | 4.80 | 4.80 | 4.80 | 4.80 |
| Portable WC Ramp | 4% | | | | | | | | | | |
| Case Mngt | 4% | | M | 1,020.00 | 1,020.00 | 1,020.00 | 1,020.00 | | | | |
| Home Mods | 0% | | | | | | | | | | |
| Modified Van | 4% | | | | | | | | | | |
| PT Eval | 4% | * | | | | | | | | | |
| PT (Max of 25 visits/yr Applied) | 4% | * | M | | | | | | | | |
| OT Eval | 4% | * | | | | | | | | | |
| OT | 4% | * | M | | | | | | | 510.00 | 510.00 |
| ST Eval | 4% | * | | | | | | | | | |

**Appendix A:  Items of Compensation for M.A.T.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 13 | Compensation Years 14-15 | Compensation Year 16 | Compensation Year 17 | Compensation Year 18 | Compensation Year 19 | Compensation Year 20 | Compensation Year 21 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | 2025 | 2026-2027 | 2028 | 2029 | 2030 | 2031 | 2032 | 2033 |
| ST | 4% | * | M | | | | | | | | |
| Hippotherapy | 4% | * | | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 | 330.00 |
| Nursing/ Attendant Care | 4% | | M | | | | | | | | |
| Facility Care & LPN | 4% | | M | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 |
| Lost Future Earnings | | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Medicaid Lien | | | | | | | | | | | |
| Annual Totals | | | | 190,628.55 | 190,736.67 | 193,535.86 | 190,581.83 | 189,628.31 | 189,694.79 | 190,246.43 | 192,842.71 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/conservators(s) of the estate of M.A.T. for the benefit of M.A.T. for lost future earnings ($748,644.98), pain and suffering ($229,352.17), and Yr 1 life care expenses ($236,990.03): $1,214,987.18.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, Terri Turnage, for past un-reimbursable expenses: $30,000.00.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Oklahoma, as reimbursement of the state's Medicaid lien: $187,627.48.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

**Appendix A: Items of Compensation for M.A.T.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 2034 | Compensation Year 23 2035 | Compensation Year 24 2036 | Compensation Years 25-26 2037-2038 | Compensation Years 27-50 2039-2062 | Compensation Years 51-Life 2063-Life |
|---|---|---|---|---|---|---|---|---|---|
| BCBS OK Gold Premium | 5% | | M | 3,385.92 | 3,408.12 | 3,430.20 | | | |
| BCBS OK Gold MOP | 5% | | M | 3,000.00 | 3,000.00 | 3,000.00 | | | |
| Medicare Part B Premium | 5% | | M | | | | 1,258.80 | 1,258.80 | 1,258.80 |
| Medicare Part B Deductible | 5% | * | | | | | | | |
| Medigap F | 5% | | | | | | 2,280.00 | 2,280.00 | 1,936.80 |
| Medigap F Deductible | 5% | | | | | | 2,070.00 | 2,070.00 | |
| Medicare Part D | 5% | | M | | | | 429.60 | 429.60 | 429.60 |
| Neurologist | 5% | * | | | | | | | |
| Labs | 5% | * | | | | | | | |
| Hospitalization | 5% | * | | | | | | | |
| VNS Generator | 5% | * | | | | | | | |
| VNS Leads | 5% | * | | | | | | | |
| Primary Care | 5% | * | | | | | | | |
| Mic-Key Button Mngt | 5% | * | | | | | | | |
| Mic-Key Skin Level Gtube Kit | 5% | * | | | | | | | |
| Opthal-mology | 5% | * | | | | | | | |
| Orthopedist | 5% | * | | | | | | | |
| Dentist | 5% | * | | | | | 528.00 | 528.00 | 528.00 |
| Depakote | 5% | * | | | | | | | |
| Keppra | 5% | * | | | | | | | |
| Clonazepam | 5% | * | | | | | | | |
| Diastat | 5% | * | | | | | 658.00 | 658.00 | 658.00 |
| Midazolam | 5% | * | | 60.00 | 60.00 | 60.00 | 164.00 | 164.00 | 164.00 |
| Adj Bed | 4% | * | | | | | | | |
| Mattress Protector | 4% | | | | | | | | |
| Shower Chair | 4% | | | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 |
| Walker | 4% | * | | | | | | | |
| Enteral Feeding Pump | 4% | * | | | | | | | |
| Enteral Feeding Bags | 4% | * | | | | | | | |
| Aug Comm Device | 4% | | | 138.00 | 138.00 | 138.00 | 138.00 | 138.00 | 138.00 |
| Computer Desk | 4% | | | | | | | | |
| Adaptive Bike | 4% | | | | | | | | |

**Appendix A: Items of Compensation for M.A.T.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 — 2034 | Compensation Year 23 — 2035 | Compensation Year 24 — 2036 | Compensation Years 25-26 — 2037-2038 | Compensation Years 27-50 — 2039-2062 | Compensation Years 51-Life — 2063-Life |
|---|---|---|---|---|---|---|---|---|---|
| Helmet | 4% | | M | | | | | | |
| Swing | 4% | | | | | | | | |
| Exercise Mat | 4% | | | | | | | | |
| Exercise Balls | 4% | | | | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 |
| Dev & Therapeutic Equip | 4% | | | | | | | | |
| Swim Float Belt | 4% | | | | | | | | |
| Daily Living Aids | 4% | | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Depends | 4% | | M | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 | 2,517.63 |
| Non-sterile Gloves | 4% | | | | | | | | |
| Hand Sanitizer | 4% | | | | | | | | |
| Skin Barrier Cream | 4% | | M | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 | 29.76 |
| Chux | 4% | | M | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 | 82.34 |
| Mattress Underpad | 4% | | | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 | 29.46 |
| Hand Held Shower | 4% | | | | | | | | |
| Feeding/Ext Tubes | 4% | * | | | | | | | |
| Bilateral AFOs | 4% | * | | | | | | | |
| Manual WC | 4% | | | 379.00 | 379.00 | 379.00 | 379.00 | 379.00 | 379.00 |
| WC Cushion | 4% | * | | | | | | | |
| WC Maint | 4% | | | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 |
| Power WC | 4% | * | | | | | | | |
| Repl Battery | 4% | | | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 | 245.00 |
| Cushion Cover | 4% | | | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 | 51.20 |
| Backpack | 4% | | | 4.80 | 4.80 | 4.80 | 4.80 | 4.80 | 4.80 |
| Portable WC Ramp | 4% | | | | | | | | |
| Case Mngt | 4% | | M | | | | | | |
| Home Mods | 0% | | | | | | | | |
| Modified Van | 4% | | | | | | | | |
| PT Eval | 4% | * | | | | | | | |
| PT (Max of 25 visits/yr Applied) | 4% | * | M | | | | | | |
| OT Eval | 4% | * | | | | | | | |
| OT | 4% | * | M | 510.00 | 510.00 | 510.00 | | | |
| ST Eval | 4% | * | | | | | | | |

**Appendix A: Items of Compensation for M.A.T.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 2034 | Compensation Year 23 2035 | Compensation Year 24 2036 | Compensation Years 25-26 2037-2038 | Compensation Years 27-50 2039-2062 | Compensation Years 51-Life 2063-Life |
|---|---|---|---|---|---|---|---|---|---|
| ST | 4% | * | M | | | | | | |
| Hippotherapy | 4% | * | M | 330.00 | 330.00 | 330.00 | 330.00 | | |
| Nursing/ Attendant Care | 4% | | M | | | | | | |
| Facility Care & LPN | 4% | | M | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 | 179,501.00 |
| Lost Future Earnings | | | | | | | | | |
| Pain and Suffering | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | |
| Medicaid Lien | | | | | | | | | |
| Annual Totals | | | | 190,796.92 | 190,819.12 | 190,841.20 | 191,229.40 | 190,899.40 | 188,486.20 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/ conservators(s) of the estate of M.A.T. for the benefit of M.A.T. for lost future earnings ($748,644.98), pain and suffering ($229,352.17), and Yr 1 life care expenses ($236,990.03): $1,214,987.18.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, Terri Turnage, for past un-reimbursable expenses: $30,000.00.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Oklahoma, as reimbursement of the state's Medicaid lien: $187,627.48.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.